98 F.3d 1358
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles R. MAYS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3241.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1996.
Sept. 18, 1996.
 
 Before ARCHER, Chief Judge, LOURIE and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 The United States Postal Service (USPS) demoted Charles Mays. Because the Merit Systems Protection Board (Board) properly upheld the demotion as reasonable under the circumstances, this court affirms.
 
 BACKGROUND
 
 2
 Mr. Mays was a Supervisor of Distribution Operations, EAS-16, at the USPS Main Post Office in Cincinnati, Ohio. Mailhandler Stephen Ruebusch, who was supervised by Mr. Mays, reported that Mr. Mays threatened him on June 23, 1995. Managers at the USPS facility conducted an investigation. James Anderson, who was working a short distance from Mr. Ruebusch at the time of the incident, corroborated Mr. Ruebusch's account of the event.
 
 
 3
 On July 3, 1995, Manager of Distribution Operations Andrew Hardin proposed removal for Mr. Mays' improper conduct. On July 12, 1995, USPS amended the notice of proposed removal to include two prior disciplinary letters of warning. Mr. Mays responded to this amended proposal on July 13, 1995. On July 27, 1995, Senior Manager of Distribution Operations Donna Russelburg mitigated the proposed removal to a reduction in grade and pay to Mail Processor PS-04, a non-supervisory position.
 
 
 4
 Mr. Mays appealed the demotion to the Board. On December 11, 1995, the administrative judge issued an initial decision approving the demotion. The Board denied Mr. Mays' petition for review of its initial decision in a final decision on April 2, 1996.
 
 DISCUSSION
 
 5
 In reviewing a decision of the Board, this court examines the record to determine whether the Board's findings are arbitrary, capricious, an abuse of discretion or unsupported by substantial evidence and whether the Board and the agency followed proper procedure. 5 U.S.C. § 7703(c)(1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). This court will not disturb the choice of penalty unless the severity appears totally unwarranted. DeWitt v. Department of Navy, 747 F.2d 1442, 1445 (Fed.Cir.1984), cert. denied, 470 U.S. 1054 (1985).
 
 
 6
 In his appeal, Mr. Mays contends that the administrative judge did not properly consider the bias of a witness and did not properly consider prior instances of misconduct. Mr. Mays argues that Mr. Anderson was biased due to previous interactions with him. The administrative judge excluded evidence on that issue. Although the administrative judge did not hear the specific evidence about bias, Mr. Anderson himself discussed his past dealings with Mr. Mays. Thus, the administrative judge was aware of any potential bias when he made his credibility determination.
 
 
 7
 When making a credibility determination, an administrative judge must consider seven factors. Hillen v. Department of Army, 35 M.S.P.R. 453, 458 (1987). While bias is an important factor, it is only one part of a credibility determination. In this case, the administrative judge made proper credibility determinations. After weighing the Hillen factors, the administrative judge found Mr. Anderson's version of the events more credible than Mr. Mays'. Credibility determinations of this kind are "virtually unreviewable." Hambush v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 8
 Additionally, Mr. Mays contends that the administrative judge improperly considered testimony of Mrs. Russelburg. Mrs. Russelburg testified that, in addition to issuing the two warning letters, she had several conversations with Mr. Mays concerning his conduct with subordinates, after specific incidents. Mr. Mays denies both these prior instances of misconduct and the subsequent counseling sessions. In addition, Mr. Mays contends that in exchange for his stipulating to the authenticity of the two disciplinary letters, the USPS stipulated that there were no additional conduct records involving Mr. Mays. Thus, he argues these prior incidents were improperly considered by the administrative judge. Whether the defendant was on notice to avoid the particular conduct at issue is one of the factors the administrative judge must take into consideration. Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305 (1981). The administrative judge found that Mr. Mays was on notice to stop harassing his subordinates. The administrative judge based this finding on the Letter of Warning dated December 7, 1993, which stated "abusive and indifferent treatment of your subordinate employees will not be tolerated." Substantial evidence thus supports this finding.
 
 
 9
 Thus, the Board correctly concluded that Mr. Mays' demotion was reasonable under the circumstances.